IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTE ROSS | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. WDQ-08-2748 |
| WARDEN | : | |
|     Defendant | : | |

o0o

# MEMORANDUM

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 12. Plaintiff has filed a Motion to Strike or in the Alternative, Opposition to Motion for Summary Judgment. Paper No. 20. Upon review of the papers filed, the Court finds a hearing in this case unnecessary. Local Rule 105.6 (D. Md. 2008).

## Background

Plaintiff claims that correctional officers assigned to his housing unit (Unit # 1, B tier) at North Branch Correctional Institution (NBCI) are taking his Administrative Remedy Procedure requests (ARP), refusing to give him new ARP forms and improperly confiscating legal papers. Paper No. 1. He states that on September 27, 2008, during the 3-to-11 shift, Officers Yoder, Thompson, and Mallow came to his cell to escort him to get a haircut. Plaintiff claims Yoder rummaged through the legal mail on his desk and took all of his copies of ARPs he had filed, folding the documents in half and putting them in his pocket. When Plaintiff asked why the papers were being taken, he claims he was returned to his cell and was not escorted for a haircut. Plaintiff claims he made several requests of officers to provide him with more ARP forms, but the officers refused his request. Plaintiff claims Yoder told him, "I can't keep having you writing ARPs on me because I have to work here for 20 years. I need this job."

Plaintiff further claims that Officer Shoemaker of the 7-to-3 shift refused to provide him with ARP forms on September 28, 2008, and on October 1 through 5, 2008. He states Yoder, working the 3-to-11 shift, refused to provide him with ARP forms on September 27, 29, and 30, 2008, as well as October 3 through 7, 2008.

Defendant asserts that each of the officers named were either not working the shift Plaintiff claims or they were assigned to another post. Paper No. 12. In addition Defendant denies that any of the named officers refused Plaintiff's requests for an ARP form, confiscated completed ARP forms from his cell, or tampered with his mail. *Id*. at Ex. 3 – 8. Defendant further asserts that Plaintiff has never filed an ARP alleging that officers are refusing to provide him with forms or are destroying his ARPs. *Id*. at Ex. 9.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

2

346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Plaintiff couches his claim as a denial of due process. Paper No. 20. There is no liberty interest stated. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). As a property claim, the complaint fails to state a claim upon which relief may be granted.

To the extent Plaintiff raises a denial of access to courts claim, the complaint fares no better. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Plaintiff has failed to show an actual injury resulting from the confiscation of copies of completed ARPs and from the denial of access to forms to file new ARPs, as he provides no evidence that he was prevented from otherwise pursuing a meritorious claim due to the conduct alleged.[2]

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with

---

2 Defendant asserts both that Plaintiff has no constitutional right to access the administrative remedy procedure and that he is prohibited from filing a claim in this court without first exhausting administrative remedies. Paper No. 12 at pp. 6—7. The court declines to examine the merits of Defendant's contradictory analysis.

threats of death" sufficient to state claim) and *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). Construing the facts in a light most favorable to Plaintiff, the confiscation of his ARPs and the subsequent refusal to provide him with ARP forms, without more, does not state a claim of retaliation. At most Plaintiff has alleged a single incident of papers being taken from his cell and isolated incidents of individual officers denying his requests for ARP forms. There is no evidence that Plaintiff was completely cut off from all means of redress.

Defendant is entitled to summary judgment, which shall be granted by separate Order which follows.

August 13, 2009                                 /s/
Date                                                   William D. Quarles, Jr.
                                                         United States District Judge